THE STATE, ELLSMORE STITES, PROSECUTOR, v. THE BOARD OF CHOSEN FREEHOLDERS OF THE COUNTY OF CUMBERLAND AND JOHN R. C. THOMPSON.

A writ of *certiorari* is not an appropriate remedy to review the proceedings of the board of chosen freeholders electing a county physician under an act entitled "A supplement to an act entitled 'An act respecting county physicians,' approved April 21st, 1876," which supplement was approved April 5th, 1878 (*Gen. Stat.*, p. 1019), even though the act be unconstitutional in its provisions, when the purpose of the writ is to obtain a determination of the title of the incumbent. In such a case an information in the nature of *quo warranto* is the only proceeding to try and determine the title to the office.

On *certiorari.*

Argued at June Term, 1895, before Justices VAN SYCKEL, MAGIE and LIPPINCOTT.

For the prosecutor, *John J. Crandall* and *James L. Van Syckel.*

For the defendants, *J. Boyd Nixon.*

The opinion of the court was delivered by

LIPPINCOTT, J. This writ was sued out by the prosecutor to review the resolution and proceedings of the board of chosen freeholders of the county of Cumberland electing and appointing John R. C. Thompson to the office of county physician of that county.

It appears by the return to this writ of *certiorari*, made by the clerk of the board of chosen freeholders, that on May

11th, 1892, Mr. Thompson was elected county physician of Cumberland county, and his salary for his services in such office was fixed at the same sum as for the previous year. It does not appear by the return or otherwise what the salary of the county physician was, nor how he was paid for his services. Neither does it appear in any form to this court, except as gathered from the argument, what the interest or grievance of the prosecutor is in seeking a review of the proceedings certified under this writ.

The purpose of the writ of *certiorari* is to have a review of the proceedings of the board, and a determination of this court that they were illegal, and thus deprive Thompson of the office to which he has been elected. That no other purpose exists is obvious from the writ, the return and arguments of counsel presented. It is to nullify his election and declare the office vacant.

One of the reasons alleged for a reversal of the action of the board of chosen freeholders is that the act entitled "An act to amend an act entitled 'A supplement to an act respecting county physicians,' approved April 21st, 1876, which supplement was approved April 5th, 1878," approved April 28th, 1885 (*Pamph. L., p.* 299 ; *Gen. Stat., p.* 1019), is unconstitutional.

Upon examination it will be seen at once that this act can have no effect whatever upon the question of the legality of the proceedings of the board of chosen freeholders in electing a county physician. The act simply provides that when the board of chosen freeholders of any county shall have appointed a county physician under the act to which this act is a supplement, no coroner shall be entitled to receive any fees for viewing the body of any deceased person unless such view shall have been made upon the written order of the county physician pursuant to the provisions of said act, and such written order must be attached to the bill of such coroner for such service before such bill shall be audited and paid, provided that if the county physician's attendance cannot be obtained within six hours after written notice given to the

county physician, by the coroner, of the discovery of the death of such deceased person, the coroner may proceed as if the supplement had not been passed. This act also provides what manner of service on the county physician shall be deemed sufficient.

It is apparent at a glance that under this writ the court cannot review any dispute which has arisen between the county physician and the coroners as to their respective duties or the emoluments of their respective offices. This writ only removes the proceedings of the board of chosen freeholders electing a county physician, and upon these proceedings this statute has no bearing whatever, and it is not necessary, in passing upon the questions presented, to determine whether this act be valid or not.

The other objection to these proceedings removed into this court is that the board of chosen freeholders of the county of Cumberland are not authorized to elect a county physician. It is contended by the prosecutor that the power of the board to appoint a county physician is only conferred by the provisions of an act entitled "A supplement to an act entitled 'An act respecting county physicians,' approved April 21st, 1876," which supplement was approved April 5th, 1878. *Pamph. L., p.* 342; *Gen. Stat., p.* 1019. The act of April 21st, 1876, respecting county physicians (*Rev., p.* 817), authorized, in the first section thereof, any board of chosen freeholders of any county of this state, whenever said board should deem it best to do so, to elect a county physician, and provides for the payment to him of an annual salary for his services. The other sections of the act prescribe his duties.

The supplement of April 5th, 1878, amends the first section of the act of 1876 by providing that the term of office shall be for three years, at such yearly salary as shall seem just, " to be fixed from time to time as such elections shall be made; and in all counties containing not less than fifty thousand inhabitants; and before entering upon the duties required of him by this act, said county physician shall take and subscribe an oath or affirmation before the clerk of said county, faith-

fully and fairly to perform the duties of his office to the best of his skill and understanding, which oath or affirmation shall be filed by the clerk in his office." There are two constructions of this amendment contended for—first, on the part of the prosecutor, that the chosen freeholders are limited in the election of a county physician to counties containing not less than fifty thousand inhabitants, and that this classification is one which is artificial and renders the act void as contravening the constitutional prohibition of special legislation regulating the internal affairs of counties. The other contention, made by the defendants, is that the act does not limit the power of boards of chosen freeholders to elect county physicians in any county, but that in counties of not less than fifty thousand inhabitants, he shall, before entering upon the duties of his office, take and file the oath therein prescribed. If it be conceded that the act be unconstitutional, then the original act of 1876 remains in full force and effect, and the power to appoint a county physician, whatever may be his duties, or whatever the fees and emoluments to which he may be entitled, remains unimpaired in every respect. On the other hand, if the contention of the defendant be adopted, the requirement that the appointee in counties of not less than fifty thousand inhabitants should take and file the oath prescribed, would not nullify the power of appointment conferred by the act, for in ·such case this prescription of duty on his part is entirely severable from the other parts of the amendment.

The character of relief sought by the review of these proceedings of the board of chosen freeholders do not either require or permit the court to determine these questions.

The proceedings of the board of chosen freeholders show that Thompson was elected to the office of county physician. The procedure of election was had by a full board in accordance with the power conferred by the terms of the statutes creating the office and providing for the election of a person to fill the same. Thompson was duly installed into the office, and has continued in possession and performed its duties. He is in full possession of the office. It is proposed by this

writ, and the sole object of the writ is, to attack both the legality of the office and the proceedings of the board by which he was elected to fill it.  Whether Thompson can or cannot be made a party to the writ of *certiorari*, is not material at all to consider.   The sole purpose of the writ is to try his title to the office of county physician by a review under this writ.  In this the prosecutor has mistaken his remedy, if he has any at all.   Thompson cannot be removed from his office by any judgment upon this writ, and the judgment, whatever it might be, would be fruitless of any effect upon him.   These proceedings of the board of chosen freeholders constitute the title to the office which Thompson holds, and whether a valid or invalid title is of no moment in the consideration of this matter on *certiorari*.   His title can only be reviewed by a direct proceeding in the nature of *quo warranto* and not by this writ.   This is so manifest by established authority in this state as not to admit of further discussion. *Haines* v. *Freeholders of Camden*, 18 *Vroom* 454; *Simon* v. *Hoboken*, 23 *Id.* 367; *Roberson* v. *Bayonne*, *ante p.* 325.

The writ of *certiorari* must be dismissed, with costs.